**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

JOSEPH R. SLIGHTS III
VICE CHANCELLOR

417 S. State Street
Dover, Delaware 19901
Telephone: (302) 739-4397
Facsimile: (302) 739-6179

Date Submitted: January 15, 2021
Date Decided: January 22, 2021

Kenneth J. Nachbar, Esquire
Alexandra M. Cumings, Esquire
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
Wilmington, DE 19801

Matthew E. Fischer, Esquire
Andrew H. Sauder, Esquire
Aaron R. Sims, Esquire
Potter Anderson & Corroon LLP
1313 North Market Street
Wilmington, DE 19801

Re: *Soo Hyun Kim v. Coupang, LLC f/k/a Forward Ventures, LLC*
C.A. No. 2020-0772-JRS

Dear Counsel:

I have reviewed the briefing on Defendant's Motion to Stay Discovery (the "Motion"). For reasons explained below, the Motion is granted.

The Motion seeks a stay of discovery pending resolution of Defendant's Motion to Dismiss. "Absent special circumstances, discovery will normally be stayed pending the determination of a motion to dismiss the complaint. 'Special circumstances' have been found to include situations where (i) the motion does not offer a 'reasonable expectation' of avoiding further litigation, (ii) plaintiff has requested interim relief, and (iii) the plaintiff will be prejudiced because the

information may be unavailable at a later time." *Weschler v. Quad-C*, 2000 WL 33173170, at *1 (Del. Ch. Sept. 12, 2000).

Plaintiff opposes the Motion on the ground that the Motion to Dismiss "does not offer a reasonable expectation of avoiding further litigation" because the Court will likely deny it. But whether *vel non* the Motion to Dismiss will be granted or denied is not the question on this Motion. The question, instead, is whether the Motion to Dismiss, *if successful*, will avoid the need for further litigation. *See Weschler*, 2000 WL 33173170, at *1 (Del. Ch. Sept. 12, 2000). The answer to that question is undisputed; the Motion to Dismiss seeks dismissal of all claims. If successful, it will terminate the litigation.

Plaintiff also contends the Motion should be denied since the discovery he seeks will not impose an undue burden. Here again, that is not the standard by which this court reviews applications to stay discovery in the midst of pending dispositive motion practice. *See Barton v. Club Ventures Investments LLC*, 2013 WL 6797407, at *1 (Del. Ch. Dec. 23, 2013) (noting the burden to justify a stay discovery often is "easily met because avoiding unnecessary discovery is usually sufficient

justification for a stay of discovery pending resolution of a potentially dispositive motion").

Based on the foregoing, I am satisfied the Court should exercise its discretion under Court of Chancery Rule 26(c) to enter a protective order staying discovery until the Court resolves the pending Motion to Dismiss, or until further order of the Court. Given this ruling, the hearing on the Motion scheduled for January 28, 2021, at 11:00 a.m. is adjourned.

**IT IS SO ORDERED.**

Very truly yours,

*/s/ Joseph R. Slights III*